# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| 70th COURT INDUSTRIAL CONDOMINIUM #2, also known as 70th CT. CONDOMINIUM ASSOCIATION #2, | ) ) ) ) Case No. 16 C 6483 |
| Plaintiff, | ) ) |
| v. | ) Judge Jorge L. Alonso ) ) |
| TRAVELERS CASUALTY INSURANCE COMPANY OF AMERICA, | ) ) ) |
| Defendant. | ) ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff, 70th Court Industrial Condominium #2, filed a two-count complaint against Travelers Casualty Insurance Company of America for breach of contract and for costs and attorneys' fees pursuant to Section 155 of the Illinois Insurance Code (215 ILCS 5/155). Before the Court is defendant's motion to dismiss the Section 155 claim [9]. For the reasons set out below, the motion is granted.

## BACKGROUND

Plaintiff purchased an insurance policy from defendant effective February 12, 2014 through February 12, 2015 that provided coverage for a commercial building he owned in Orland Park. (Compl. ¶¶ 1-3.) On May 20, 2014, a hail storm damaged the building's roof and air-conditioning units. (*Id.* ¶¶ 4, 8.) Plaintiff filed a claim seeking coverage from defendant for the damage. (*Id*. ¶ 4.) Carroll Structure Investigations, LLC ("CSI") inspected samples of the building's roof, observed hail-impact damage on the roof, cracked plexiglass skylight covers, and dents on air-conditioner fins and roof-vent covers. (*Id*. ¶¶ 9-12.) The damage to the roof

and air-conditioning units is covered under the insurance policy. (*Id*. ¶ 14.) Plaintiff contends that defendant has refused to pay plaintiff for the amounts it is entitled to under the policy. (*Id*. ¶¶ 16, 23.) Plaintiff asserts that defendant's actions were unreasonable and vexatious because it refused to "adequately explain the basis upon which it has failed to pay the loss" and "the investigators employed by defendant engaged in bad faith by taking photo(s) of damaged areas in such a manner as to purposefully lessen the impact appearance by taking photo(s) at an oblique and distant angle." (*Id*. ¶¶ 23, 30.) Plaintiff seeks attorneys' fees, costs, and additional damages "in an amount to be proven in accordance with Section 155 of the Illinois Insurance Code." (*Id*. at 4.)

## STANDARD

"A motion under Rule 12(b)(6) tests whether the complaint states a claim on which relief may be granted." *Richards v. Mitcheff*, 696 F.3d 635, 637 (7th Cir. 2012). Under Rule 8(a)(2), a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The short and plain statement under Rule 8(a)(2) must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (ellipsis omitted). Under federal notice-pleading standards, a plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id.* Stated differently, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly,* 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "In reviewing the sufficiency of a complaint under the plausibility standard, [courts

must] accept the well-pleaded facts in the complaint as true, but [they] 'need[ ] not accept as true legal conclusions, or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements.'" *Alam v. Miller Brewing Co.*, 709 F.3d 662, 665–66 (7th Cir. 2013) (quoting *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009)).

## DISCUSSION

Defendant asserts that plaintiff's Section 155 claim lacks factual support and that merely "copying and pasting improper claim handling practices" is not a substitute for alleging actual vexatious and unreasonable conduct. (Def.'s Mot. at 3.) Defendant further contends that plaintiff's only attempt at factual pleading is in paragraph 30 of the complaint, where plaintiff asserts that defendant's investigators took certain pictures of the damage at an oblique and distant angle. (*Id.*) Defendant argues that it is unclear why this fact matters and the complaint lacks sufficient detail to explain why such conduct is vexatious or unreasonable. (*Id.*) Plaintiff counters that paragraphs 28 and 29 of the complaint contradict defendant's argument. (Pl.'s Resp. at 2-3.)[1] Defendant contends that these two paragraphs contain conclusory allegations that it failed to comply with provisions of the Illinois Insurance and Administrative Code and that this is insufficient to state a claim. (Def.'s Reply at 1-2, 4.) Defendant further asserts that the complaint contains no allegations about the who, what, when, and where of the conduct plaintiff

---

[1] Paragraph 28 of the complaint states: "Defendant engaged in improper claim's [sic] practice by: (a) Knowingly misrepresenting to plaintiff relevant facts or policy provisions relating to coverages at issue; (b) Failing to acknowledge with reasonable promptness pertinent communications with respect to the hail claim; (c) Not attempting in good faith to effectuate prompt, fair and equitable settlement of plaintiff's hail claim; (d) Compelling plaintiff to institute the suit to recover amounts due under the policy by offering substantially less than the amounts ultimately due; (e) Refusing to pay the claim without conducting a reasonable investigation based on all available information; (f) Attempting to settle the claim for less than the amount to which a reasonable person would believe plaintiff was entitled; (g) Failing in the case of the denial of plaintiff's claim to promptly provide a reasonable an accurate explanation of the basis in the insurance policy or applicable law for such denial or compromise settlement." Paragraph 29 alleges: "The defendant disputed the amount of the loss payable on plaintiff's claim, delayed settling the claim, or refused to provide coverage when coverage was not fairly debatable."

believes is in violation of the code. (*Id*. at 3.) Finally, defendant argues that by ignoring its argument about paragraph 30 of the complaint, plaintiff has conceded that those allegations are insufficient to state a claim. (*Id*. at 4.)

Section 155 of the Illinois Insurance Code "provides an 'extracontractual remedy to policy-holders whose insurer's refusal to recognize liability and pay a claim under a policy is vexatious and unreasonable.'" *Phillips v. Prudential Ins. Co. of Am.*, 714 F.3d 1017, 1023 (7th Cir. 2013) (quoting *Cramer v. Ins. Exch. Agency,* 174 Ill. 2d 513, 519 (1996)). "[A]n insurer's conduct is not vexatious and unreasonable if: (1) there is a bona fide dispute concerning the scope and application of insurance coverage; (2) the insurer asserts a legitimate policy defense; (3) the claim presents a genuine legal or factual issue regarding coverage; or (4) the insurer takes a reasonable legal position on an unsettled issue of law." *Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co.,* 200 F.3d 1102, 1110 (7th Cir. 2000) (internal citations omitted).

The Court agrees that plaintiff has failed to allege facts sufficient to state a Section 155 claim. Paragraphs 28 and 29 of the complaint fail to state a factual basis for plaintiff's conclusion that defendant acted unreasonably and vexatiously and thus fail to put defendant on notice of what is claimed. *See 9557, LLC & River W. Meeting Assocs., Inc. v. Travelers Indem. Co. of Conn.*, No. 15-cv-10822, 2016 WL 464276, at *4 (N.D. Ill. Feb. 8, 2016) (granting defendant's motion to dismiss a Section 155 claim on the ground that plaintiff's allegations "amount[ed] to little more than simple recitations of the various codes [plaintiff] alleges Travelers violated"); *see also Scottsdale Ins. Co. v. City of Waukegan*, No 07 C 64, 2007 WL 2740521, at *2 (N.D. Ill. Sept. 10, 2007) ("Simply pleading that [defendant] knowingly and intentionally refused to provide insurance coverage and that [defendant's] refusal was and continues to be vexatious and unreasonable, without some modicum of factual support, is

4

insufficient to plausibly suggest that [plaintiff] is entitled to relief under the statute."). These two paragraphs of plaintiff's complaint merely recite the acts that constitute improper claims practice under 215 ILCS 5/154.6. To state a claim, plaintiff must provide more than a formulaic recitation of a cause of action, labels, and conclusions. *Twombly,* 550 U.S. at 555.

Additionally, paragraph 30, without more, is not enough to state a claim that defendant engaged in vexatious and unreasonable conduct. Plaintiff does not allege that the photos defendant's investigators took served as the basis for denying plaintiff's claim or that the photos played any role in defendant's management of plaintiff's insurance claim. *See Smith v. Equitable Life Assurance Soc'y of the United States,* 67 F.3d 611, 618 (7th Cir. 1995) (affirming the district court's finding that defendant engaged in unreasonable conduct when it refused to investigate plaintiff's claims until after benefits had been denied and a lawsuit had been filed); *see also Buais v. Safeway Ins. Co.,* 275 Ill. App. 3d 587, 592-93 (1995) (finding that plaintiff had stated a claim under Section 155 when she alleged that the insurance company refused to evaluate, investigate, or even talk about an insurance claim). Further, plaintiff's silence on this point in its response to defendant's motion to dismiss precludes plaintiff from proceeding on this allegation. *See Green v. Charter One Bank, N.A.,* 640 F. Supp. 2d 998, 1005 (N.D. Ill. 2009) ("[Plaintiff's] failure to respond permits an inference of acquiescence and 'acquiescence operates as a waiver.'") (citing *Wojtas v. Capital Guardian Trust Co.,* 477 F.3d 924, 926 (7th Cir. 2007)).

Absent factual allegations that allow the Court to draw a reasonable inference that defendant's conduct was vexatious and unreasonable, plaintiff's claim fails. Accordingly, the Court grants defendant's motion to dismiss.

## CONCLUSION

For the reasons set forth above, defendant's motion to dismiss [9] is granted. Plaintiff is given leave to amend its complaint to state a Section 155 claim, if it can do so consistent with Rule 11, by May 9, 2017. Status hearing remains set for May 9, 2017 at 9:30 a.m.

**SO ORDERED.**                                          **ENTERED: April 18, 2017**

                                                                          **JORGE L. ALONSO**
                                                                          **United States District Judge**